the highway." After the road was constructed, claimants' property, which was approximately 23 feet below the grade of the highway, was flooded. Claimants contended that the flooding was caused by the failure of the Division of Highways to provide drainage. The Court denied recovery for depreciation of property value, because claimants had knowledge of the highway's construction when they built their home, and also granted the right-of-way in a recorded deed. However, the Court allowed reimbursement for all expenditures made to correct the flooding condition stating: "This Court holds that claimants are entitled to just compensation for consequential damages actually sustained subsequent to the taking of the property under the Eminent Domain Act, and after the construction of the highway." (*Tenboer* vs. *State of Illinois*, 21 C.C.R. 359).

The instant case falls within the rules set forth in the *Gan* case, and claimants are entitled to the actual damages incurred by reason of the flooding.

Therefore, claimants may recover $1,565.70 for tile and labor, $180.00 for use of the cat machine, and $528.00 for loss of crops.

Claimants are hereby awarded the sum of $2,273.70.

(No. 5411— )

Duffy Dodge, Inc., Claimant, *vs.* State of Illinois, Secretary of State, Respondent.

*Opinion filed November 11, 1969.*

Normand A. Cohen, Attorney for Claimant.

William J. Scott, Attorney General; Bruce J. Finne, Assistant Attorney General, for Respondent.

Dove, J.